CHARLES SHEPHERD *vs.* THE COMMONWEALTH.

The Rev. Sts. *c.* 143, § 19, do not authorize the courts to sentence a convict to impris‐
onment in the house of correction for a longer time than that for which he might, by
Rev Sts. *c.* 126, § 17, be imprisoned in the county jail for the same cause.

Where the municipal court, or court of common pleas, renders an erroneous judgment
against a convict, and he brings a writ of error to reverse it, this court cannot render
a new judgment, nor remit the case to the court below in order that a new judgment
may be rendered there, but can only reverse the judgment and discharge the convict.

SHAW, C. J.    Writ of error, to reverse a judgment of the
municipal court, at April term 1839, when, on a conviction of
the prisoner of several simple larcenies, he was sentenced to be
punished, as a common and notorious thief, by solitary imprison‐
ment and hard labor in the house of correction, for the term of
four years.

The error assigned is, that such judgment was not warranted
by law ; that the prisoner, if sentenced for a longer term than
three years, could only be sent to the state prison, and not tc
the house of correction.

By Rev. Sts. *c.* 126, § 19, it is declared, that a person
deemed a common and notorious thief, as therein provided,
" shall be punished by imprisonment in the state prison, not
more than twenty years, or in the county jail, not more than
three years."    There being a high maximum here, and no
minimum, it is obvious that the legislature intended to confer on
courts a large power, in adapting the degree of punishment to a
class of offences, which might be very various in the degree of
aggravation.    Still, however, there is one limit ; which is, that
if the punishment is by imprisonment in the common jail, it can‐
not exceed three years.    It follows of course, that if in the
judgment of the court, the term of imprisonment ought to ex‐
ceed three years, it must, by the terms of this statute, be in the
state prison.

The only remaining question is, whether this is varied by the
statute substituting the house of correction, as the place of pun‐
ishment.    That substitution is provided for by Rev. Sts. *c.*
143, § 17, in these words :  " Any person, convicted of an

offence punishable wholly or in part by imprisonment in the county jail, may be sentenced to suffer such imprisonment in the house of correction, instead of the jail," &c.

The court are of opinion, that this act intended to substitute the house of correction instead of the county jail, and not the state prison. When the power is conferred on the court to sentence either to the state prison or common jail, and they do not sentence to the state prison, we are to presume that in their judgment the actual offence was such as ought not to be punished by imprisonment in the state prison, and that they intend to adopt the other alternative. Such being the case, if they think fit to substitute the house of correction, instead of the common jail, as the place of punishment, the term of time cannot exceed what it would be, if the commitment were to the common jail. The court are therefore of opinion, that the judgment of four years' imprisonment in the house of correction was not warranted by law, and that it was erroneous.

As there was a judgment rendered in the municipal court, we think we cannot send the case back to that court to render a new judgment ; nor can we now render a new judgment, but can simply annul and reverse the erroneous judgment. *The King* v. *Ellis,* 5 Barn. & Cres. 395. 400. *The King* v. *Bourne,* 7 Adolph. & Ellis, 58.

*Judgment reversed, and the prisoner ordered to be discharged.*

*G. Bemis,* for the plaintiff in error.

*Austin,* (Attorney General,) for the Commonwealth.